Filed 3/6/15

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

<table>
<tr><td>

In re Marriage of RICHARD A. RIFKIN and KIMBERLY DAWN CARTY

_____

RICHARD A. RIFKIN,

     Appellant,

v.

KIMBERLY DAWN CARTY,

     Respondent.

</td><td>

A139484

(San Francisco City & County Super. Ct. No. FDI11773974)

</td></tr>
</table>

This appeal arises from a long and contentious child custody dispute between appellant Richard Rifkin (Father) and respondent Kimberly Carty (Mother).[1] In September 2012, the family court issued an order declaring Father a vexatious litigant and prohibiting him from filing any new litigation in propria persona without first obtaining leave of court (the prefiling order), and ordered him to pay some of Mother's attorney fees. It appears that Father filed an appeal of this order but failed to pursue it. Father later applied to vacate the prefiling order and remove his name from the Judicial

_____

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II, C.

[1] Mother has not filed a respondent's brief. "However, we do not treat the failure to file a respondent's brief as a 'default' (i.e., an admission of error) but independently examine the record and reverse only if prejudicial error is found." (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203; see also *In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1 [in absence of respondent's brief, appellate court examines record, appellant's brief, and any oral argument to see if it supports claim of error].) Father, the appellant, still bears the affirmative burden to show error. (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1077-1078.)

Council's list of vexatious litigants, and the family court denied his application in April 2013. Father has appealed from this order.

Father contends the vexatious litigant prefiling order was improper because Mother failed to show Father had no reasonable probability of prevailing in the custody case, that in concluding he was a vexatious litigant, the family court improperly took into consideration applications he had made to hold Mother in contempt, and that the family court erred in awarding attorney fees to Mother. We conclude Father's challenges are untimely because they should have been raised in an appeal from the September 2012 prefiling order, rather than from the later order denying his application to vacate that order. However, because there is at least an arguable conflict in the law on the question of whether a prefiling order is appealable, we also explain that even if the merits of Father's challenges to the prefiling order were properly before us, we would reject them.

## I.  BACKGROUND

### A.  The Vexatious Litigant Ruling

This action began in Marin County, apparently in 2009, and was transferred to San Francisco County, Mother's place of residence, in November 2010.

After extensive proceedings in San Francisco, Mother filed a request for the court to treat Father as a vexatious litigant. (Code Civ. Proc.,[2] § 391 et seq.) The family court granted the request. In doing so, it summarized and accepted Mother's characterization of the relevant facts.

As the court explained in its September 14, 2012 "Case Resolution Order # 8," Mother's request relied on the following facts: In December 2009, a temporary restraining order was entered against Father in which Mother was granted temporary sole legal and physical custody of the parties' child, then just over one year old. Father—then represented by counsel—responded with an ex parte request asserting that Mother was a risk to abduct, abuse, or neglect their child; he also accused Mother of fraud. In January 2010, the Marin County Superior Court rejected the allegations that Mother posed a risk

---

[2] All undesignated statutory references are to the Code of Civil Procedure.

2

of abducting, abusing, and neglecting the child. In April 2010, Father became self-represented. On June 23, 2010, Father filed a motion again asserting Mother was a risk to abduct, abuse, and neglect the parties' child as well as Mother's children from a previous marriage, and again accusing Mother of fraud. On August 5, 2010, Father objected to a recommendation of the Marin Family Court Service regarding custody and visitation, and once again asserted Mother was a risk to abduct, abuse, and neglect their child and her two other children. On August 9, 2010 after an evidentiary hearing, the Marin County Superior Court rejected Father's allegations and entered a restraining order against him.

Despite having had these issues decided against him, Father thereafter made the same allegations on 15 occasions: on October 14, 2010, in opposition to the report of Marin's Family Court Services; on March 10, 2011, in an ex parte application to modify custody and visitation, which was denied; on April 13, 2011, in an ex parte application to modify custody and visitation, which was denied; on July 7, 2011, in an order to show cause to modify custody and visitation; on July 28, 2011, in an ex parte request to modify custody and visitation, which was again denied; on August 1, 2011, in filings seeking to hold Mother in contempt; on August 5, 2011, in an ex parte application to change the location for exchanges of the child; on September 27, 2011, in an ex parte application to modify custody and visitation; on October 27, 2011, in an ex parte application and declaration of contempt; on November 17, 2011, in an ex parte application regarding contempt; on January 3, 2012, in connection with additional contempt allegations; on February 22, 2012, in connection with another contempt allegation; on April 4, 2012, while seeking a temporary restraining order against Mother's older son; on May 23, 2012, in an ex parte application to modify custody and visitation; and on June 11, 2012, in yet another ex parte application to modify custody and visitation.[3] The court explained

---

[3] The record Father has provided does not include these filings, and Father does not dispute the family court's characterization of them.

that Father had warned Mother that unless she agreed to his terms for child custody and removal of the restraining order, he would, as the court put it, "grind her down."[4]

The family court found Father to be a vexatious litigant under section 391, subdivision (b)(3). Because the parties had agreed to change venue to Los Angeles County, where they would both soon be living, the court found that Father was subject to the prefiling requirements of section 391.7, to be implemented by the Los Angeles County Superior Court. Pursuant to Family Code, section 271, the court awarded Mother attorney fees in the amount of $24,196.96.

## B. Application to Lift Prefiling Order

Seven months later, Father filed an application to lift the prefiling order. At the time, he was again represented by counsel. In his motion, he argued the family court's original vexatious litigant order had been based on a misunderstanding of the relevant facts and that the vexatious litigant statutory scheme was unconstitutionally vague. He also argued the family court had improperly relied on his contempt motions because they were criminal matters that were not subject to the vexatious litigant statutes, and that the court improperly imposed attorney fees.

The family court denied the application. This appeal ensued.

## II. DISCUSSION

## A. Statutory Background

"The vexatious litigant statutes (§§ 391-[391.8]) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants. [Citation.] Sections 391 to 391.6 were enacted in 1963, while section 391.7 . . . was added in 1990. (Stats. 1963, ch. 1471, § 1, pp. 3038-3039; Stats. 1990, ch. 621, § 3, pp. 3072-3073.) [¶] 'Vexatious litigant' is defined in section 391,

---

[4] This conclusion was based on a July 11, 2011 communication in which Father promised " 'an all-out war' " if Mother did not agree to his terms. In the communication, Father told Mother what his "arsenal" was: the documents he had already filed and the possibility of further litigation on collateral issues, leading to "[t]otal annihilation of both sides."

4

subdivision (b) as a person who has, while acting in propria persona, initiated or prosecuted numerous meritless litigations, relitigated or attempted to relitigate matters previously determined against him or her, repeatedly pursued unmeritorious or frivolous tactics in litigation, or who has previously been declared a vexatious litigant in a related action." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169-1170 (*Shalant*).)

The statutory scheme provides two sets of remedies. First, in pending litigation, "the defendant may move for an order requiring the plaintiff to furnish security on the ground the plaintiff is a vexatious litigant and has no reasonable probability of prevailing against the moving defendant." (*Shalant*, *supra*, 51 Cal.4th at p. 1170; § 391.1.) If the court finds in the defendant's favor on these points, it orders the plaintiff to furnish security in an amount fixed by the court. (§ 391.3, subd. (a).) Failure to provide the security is grounds for dismissal. (§ 391.4.)

The Legislature added a second means to counter misuse of the system in 1990, when it enacted section 391.7. (*Shalant*, *supra*, 51 Cal.4th at p. 1170.) " 'Section 391.7 "operates beyond the pending case" and authorizes a court to enter a "prefiling order" that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge. [Citation.]' . . . [¶] Section 391.7 did not displace the remedy provided in sections 391.1 to 391.6 for defendants in pending actions; by its terms it operates '[i]n addition to any other relief provided in this title . . . .' (§ 391.7, subd. (a).) Rather, it added a powerful new tool designed 'to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs.' [Citation.]" (*Ibid*.)

For purposes of the vexatious litigant statutes in general, the term " '[l]itigation' " means "any civil action or proceeding, commenced, maintained or pending in any state or federal court." (§ 391, subd. (a).) The statute governing prefiling orders, however, provides an additional definition of the term: for purposes of section 391.7, " 'litigation' includes any petition, application, or motion other than a discovery motion, in a proceeding under the Family Code or Probate Code, for any order." (§ 391.7, subd. (d).)

Section 391.8, enacted in 2011, allows a vexatious litigant subject to a prefiling order to apply to vacate the prefiling order and remove his or her name from the Judicial Council's list of vexatious litigants. (§ 391.8, subd. (a); Stats. 2011, ch. 49, § 2.) The court may grant the application "upon a showing of a material change in the facts upon which the order was granted and that the ends of justice would be served by vacating the order." (§ 391.8, subd. (c).)

## B. Propriety of Prefiling Order

Although this appeal is from the order denying Father's application to vacate the prefiling order, Father's challenges are to the propriety of the prefiling order itself. He argues the order was improper for two reasons: (1) Mother failed to show he had no probability of prevailing in the litigation, and (2) the civil contempt applications he brought were criminal matters and accordingly should not have been considered in determining whether he had repeatedly engaged in conduct that fell within the ambit of the vexatious litigant statutes.

" 'A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment.' [Citation.] Questions of statutory interpretation, however, we review de novo. [Citation.]" (*Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1498-1499.)

During the hearing on Father's petition to vacate the prefiling order, the family court raised the concern that Father's challenge to the order should have been raised in an appeal from that order.[5] In ruling against Father, the court first noted that Father did not make a motion for reconsideration or pursue his appeal of the prefiling order. The court went on to deny the motion to vacate because Father had failed to show a material change

---

[5] Father's counsel acknowledged at the hearing that Father had filed an appeal of the prefiling order. It appears that the appeal was dismissed when Father failed to pay the filing fee and case information statement. (*Richard Rifkin v. Kimberly Carty*, A136681.)

of fact or that the ends of justice would be served by vacating the order, as required by section 391.8, subdivision (c).

It is well established that an appellate court may not review a decision or order from which an appeal could previously have been taken. (*In re Marriage of Weiss* (1996) 42 Cal.App.4th 106, 119; § 906.)

Father contends the prefiling order was not directly appealable and that he may raise his challenges to it in an appeal from the denial of his motion to vacate the order. He relies for this point on the rule that "[a]n order determining a party to be a vexatious litigant and requiring the posting of security under section 391.3 is not directly appealable. But if the plaintiff subsequently fails to furnish security, an appeal lies from the subsequent order or judgment or dismissal that follows under section 391.4." (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 635 (*Golin*); see also *Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 985, fn. 1, 988, fn. 2.) The order at issue here, however, did not require Father to post security in the pending action pursuant to section 391.3, but rather subjected him to the prefiling requirements of section 391.7, under which he was prohibited from filing any new litigation in propria persona without first obtaining leave of court. As explained in *Luckett v. Panos* (2008) 161 Cal.App.4th 77, 90, footnote omitted (*Luckett*), "a *prefiling order* against a vexatious litigant meets the definition of an injunction." The court in *Luckett* stated: "[T]here is no question that the prefiling order contemplated by section 391.7, subdivision (a) *is* an injunction. It is, literally, an order requiring [a party] to refrain from doing a particular act—filing any new litigation without certain permission. It is punishable by contempt. And it is sufficiently definite to be punishable by contempt." (*Luckett, supra,* 161 Cal.App.4th at p. 85; see also *City of Santa Cruz v. Patel* (2007) 155 Cal.App.4th 234, 242 [normal rule is that injunctions and judgments that form the basis for contempt sanctions are

appealable].) Under section 904.1, subdivision (a)(6), an order granting an injunction is appealable.[6]

Dictum in *In re Bittaker* (1997) 55 Cal.App.4th 1004, 1008, and language in *People v. Harrison* (2001) 92 Cal.App.4th 780, 784-785 & fn. 6 (*Harrison*), suggest that an order declaring a party a vexatious litigant and imposing a prefiling order is nonappealable. These cases, however, were decided before the court in *Luckett* held that a prefiling order constituted an injunction for purposes of section 904.1, subdivision (a)(6). We agree with the reasoning of *Luckett*, and conclude that by failing to pursue his appeal of the prefiling order, Father lost his right to challenge it.

In any case, we would reject Father's challenges to the prefiling order on the merits.[7] He first argues the order was improper because Mother failed to show he had no probability of prevailing in the custody dispute. The requirement that a court find a litigant has no reasonable probability of prevailing in the litigation applies where the court orders the litigant to furnish security in an action. (§§ 391, 391.3, subd. (a); *Golin*, *supra*, 190 Cal.App.4th at p. 640.) Section 391.7, on the other hand, does not require the court to find there is no reasonable probability the plaintiff will prevail in the litigation before making a prefiling order. Indeed, such a finding would not be feasible, since the prefiling order acts prospectively to prohibit a party from filing new litigation, and a court would not be able to predict whether any future pleadings filed by a party would have merit.

---

[6] The question in *Luckett* was whether the appellate court had jurisdiction over the denial of a request to lift the prefiling order. The court concluded that it had jurisdiction under section 904.1, subdivision (a)(6). (*Luckett, supra,* 161 Cal.App.4th at pp. 89-90.) But in *Luckett,* the appellant challenged the substance of the order denying the request to lift the prefiling order; here, Father challenges the original prefiling order itself. (*Id.* at pp. 90-92.)

[7] Because we reach this conclusion, we need not consider Father's contention that his First Amendment rights would be infringed if he were not permitted to raise his challenges to the prefiling order.

Father also argues the family court erred in taking into account the contempt matters he filed because vexatious litigant statutes apply only to *civil* actions. (§ 391, subd. (a); see also *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1219 [" 'Litigation' for purposes of vexatious litigant requirements encompasses civil trials and special proceedings . . ."].) He contends the orders to show cause seeking to hold Mother in contempt were criminal matters that fell outside the scope of the vexatious litigant statutes and therefore should not have been considered in deciding whether he was a vexatious litigant. For this proposition, he relies on *People v. Gonzalez* (1996) 12 Cal.4th 804, 816, which states that because a contemner may be punished with jail time and a fine, an order to show cause regarding an alleged act of contempt "is considered quasi-criminal, and the defendant possesses some of the rights of a criminal defendant." (See § 1218, subd. (a).)

We are unpersuaded that the family court could not properly take into account the orders to show cause in determining whether Father was a vexatious litigant. Section 391, subdivision (b)(3), upon which the family court based its ruling, provides that a person who does the following is a vexatious litigant: "In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Nothing in this definition excludes motions seeking an order to show cause for contempt—as distinguished from the actual hearing on the alleged contempt—which appear to fall within both the letter and the spirit of the statutory scheme. The family court found they were part of Father's campaign to "grind [Mother] down" and cause unnecessary delay. (See *Golin*, *supra*, 190 Cal.App.4th at p. 639.) In any case, it appears that the contempt proceedings comprised only a few of the many attempts Father made, while acting in propria persona, to relitigate the

allegations the family court had already twice determined against him by August 2010. We see neither error nor prejudice.[8]

## C. **Attorney Fees**

The trial court awarded Mother attorney fees pursuant to Family Code, section 271, which authorizes a family court to award attorney fees based on "the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys." In making its award, the trial court stated that Father had "engage[d] in scorched earth litigation replete with unmeritorious motions and requests for relief," and that "[i]If ever a case called for the invocation of [Family Code, section 271], this is the case. [Father's] multiple contempt motions lacked merit, [and] were filed to delay resolution of the important issue related to the move away . . . ." The court held Father responsible for the payment of all fees incurred by one of Mother's attorneys in representing her in defense of the contempt proceedings and related issues, as well as "certain fees based on the work of" another attorney.

On appeal, Father argues that, "[i]n essence," the family court by its ruling held him in contempt of court for filing meritless affidavits of contempt. Therefore, he argues, the court was limited to the sanctions authorized by section 1218, subdivision (a), which provides that a person found guilty of contempt may be fined no more than $1,000 and be imprisoned for no more than five days. He contends the court lacked authority to award fees under section 271 of the Family Code.

This contention is not properly before us. The order directing Father to pay attorney fees was appealable. (*Banning v. Newdow* (2004) 119 Cal.App.4th 438, 444; *In re Marriage of Weiss*, *supra*, 42 Cal.App.4th at p. 119.) It was made on September 14,

---

[8] Father makes no argument that there had been a "material change in the facts upon which the order was granted," as required by section 391.8, subdivision (c), before a court vacates a prefiling order. He has therefore provided no grounds for us to reverse the order before us on appeal—the order denying his application to vacate the prefiling order and remove his name from the Judicial Council's vexatious litigant list.

2012, as part of the order in which the court imposed the prefiling order, and Father did not pursue his appeal of the order.  As we have already explained, state law does not allow us to review " 'any decision or order from which an appeal might previously have been taken.' " (*In re Marriage of Weiss*, *supra*, 42 Cal.App.4th at p. 119.)  In any case, nothing in the record supports Father's contention that "[i]n essence" the family court found him in contempt.

## III.    DISPOSITION

The order appealed from is affirmed.

_____

Rivera, J.

We concur:

_____

Ruvolo, P.J.

_____

Reardon, J.

A139484

12

Trial Court:                     San Francisco Superior Court

Trial Judge:                  Hon. Linda Colfax

Counsel for Appellant:       Archibald Cunningham

Flora Garcia-Sepulveda

Counsel for Respondents:    Kimberly Dawn Carty

L. Bailey Penzotti

*Rifkin v. Carty* A139484