Filed 1/15/16  Cavic v. WREC Lido Venture CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DANNY CAVIC,<br><br>　　Plaintiff and Appellant,<br><br>　　　v.<br><br>WREC LIDO VENTURE, LLC,<br><br>　　Defendant and Respondent. | G050967<br><br>(Super. Ct. No. 30-2008-00110288)<br><br>O P I N I O N |

　　　　Appeal from an order of the Superior Court of Orange County, David T. McEachen, Judge.  Affirmed.

　　　　Danny Cavic, in pro. per., for Plaintiff and Appellant.

　　　　Thompson Coburn, Jeffrey N. Brown and Diana A. Sanders for Defendant and Respondent.

There have been multiple appeals arising from many different lawsuits triggered when a Newport Beach restaurant tenant in which Danny Cavic obtained an interest, Nevada Atlantic Corporation (Nevada Atlantic), failed to obtain permission from its lessor, WREC Lido Venture, LLC (WREC), to assign the lease to an interested third party in 2007.  On February 26, 2013, after unsuccessful lawsuits, motions, and appeals, Cavic was designated as a vexatious litigant pursuant to Code of Civil Procedure section 391.[1]  Cavic has attacked this ruling several different ways, and the subject of this appeal is the trial court's denial of his September 2014 motion to vacate the 2013 vexatious litigant designation pursuant to section 391.8 (hereafter 391.8 motion).  Finding his contentions lack merit, we affirm the order.

I

*A.  Procedural History*

We need only briefly summarize the history of litigation leading to Cavic's vexatious litigant designation for purposes of this appeal, and we incorporate by reference the detailed procedural history outlined in the four related appellate opinions.[2]  (*Nevada Atlantic Corporation v. WREC Lido Venture, LLC* (Dec. 2, 2008, G039825) [nonpub. opn.] (hereafter, *Cavic I*); *Cavic v. WREC Lido Venture, LLC* (Aug. 7, 2012, G045611) [nonpub. opn.] (hereafter *Cavic II*); *Cavic v. Green* (Nov. 26, 2012, G046772) [nonpub. opn.] (hereafter *Cavic III*); & *Cavic v. Glenn M. Gelman & Associates et al.* (Nov. 26, 2014, G048510) [nonpub. opn.] (hereafter *Cavic IV*).)  We have also denied two writ petitions.  (*Cavic et al. v Superior Court* (April 12, 2011, G045078) [nonpub.

---

[1]       All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

[2]       We advised the parties that court would take judicial notice, on its own motion, of the following:  (1) appellate court case records G039825, G045611, G046772, G048510, G045078, G049710, G050312, G052556, and G052681; and (2) superior court case records 06CC12605, 07CC19649, 30-2008-00110288, 30-2008-00106270, 30-2011-00522908, and 30-2013-00654125.  (Evid. Code, § 452, subd. (d), 459.)

order] (hereafter *Cavic Writ I*) & *Cavic et al. v Superior Court* (Feb. 21, 2014, G049710) [nonpub. order] (hereafter *Cavic Writ II*).)

We note Cavic has filed three more notices of appeal. Two appeals relate to Cavic's legal malpractice action filed against several former attorneys in superior court case No. 30-2013-00654125. Cavic voluntarily dismissed one of the appeals, recognizing it was untimely. (*Cavic et al. v. Wildish et al.* (G052556).) However, currently pending and fully briefed is *Cavic et al. v. The Molloy Law Firm et al.* (G050312).

The most recently filed notice of appeal, *Cavic et al. v. Stalter et al.* (G052681), arises from the same lawsuit (case No. 30-2011-00522908) giving rise to the Cavic III and Cavic IV opinions.

A. *Three Lawsuits and Three Appeals against WREC*

The underlying legal dispute started in 2006 when Nevada Atlantic desired to sell its lease and restaurant to a third party and WREC refused to consent. The sale fell through, and WREC eventually terminated the lease pursuant to an unlawful detainer action.[3]

In December 2006, Nevada Atlantic filed a lawsuit against WREC (case No. 06CC12605, hereafter Lawsuit #1) and initially convinced the trial court to rule in its favor in December 2007. Nevada Atlantic voluntarily dismissed the remaining causes of action in Lawsuit #1 and WREC appealed in January 2008. On December 2, 2008, this court reversed the judgment in *Cavic I, supra,* G039825.

However, just a few months after WREC filed its notice of appeal in *Cavic I*, Nevada Atlantic and Cavic filed a second lawsuit on May 5, 2008, against WREC (case No. 30-2008-00106270, hereafter Lawsuit #2). After WREC filed a demurrer and requested judicial notice of the appeal pending in *Cavic I*, Cavic voluntarily dismissed Lawsuit #2.

---

[3] The unlawful detainer action (case No. 07CC19649), filed in October 2007, resulted in a judgment in WREC's favor, and Nevada Atlantic did not appeal.

And four months before this court filed the *Cavic I* opinion, Cavic, Milorad Cavic (Milorad), and Nevada Atlantic filed a third lawsuit on August 7, 2008, against WREC (case No. 30-2008-00110288, hereafter Lawsuit #3). The complaint explained Milorad assigned his stock shares and damage claims against WREC entirely to Cavic, who was now acting as the chief executive officer of Nevada Atlantic. Cavic filed five amended complaints and a writ, which this court summarily denied (*Cavic Writ I, supra,* G045078). After three days of trial, the case ended with a nonsuit judgment in WREC's favor. On August 7, 2012, this court upheld the trial court's ruling in *Cavic II, supra,* G045611.

After losing the *Cavic II* appeal, Cavic sought to overturn the judgment entered in Lawsuit #1 (affirmed in *Cavic I*). On October 12, 2012, Cavic filed a motion to vacate the judgment in Lawsuit #1. The court denied the motion on December 3, 2012, and Cavic did not appeal.

Undaunted, Cavic changed his focus to attacking the judgment entered in Lawsuit #3 (affirmed in *Cavic II*). On December 21, 2012, Cavic moved to vacate the judgment in Lawsuit #3.

On January 18, 2013, WREC sought an order in Lawsuit #3 establishing Cavic was a vexatious litigant within the meaning of section 391. The court granted the motion on February 26, 2013. On the same day, it denied Cavic's motion to vacate the judgment in Lawsuit #3.

Six months later, on August 2, 2013, Cavic moved to set aside the vexatious litigant order entered in Lawsuit #3 pursuant to section 473, subdivision (b). At the end of August, Cavic amended his motion. In November 2013, Cavic submitted a second amended motion to set aside the order. On December 17, 2013, the court denied the motion stating in its minute order, "The motion by [Cavic] to set aside the vexatious litigant order of February 26, 2013, pursuant to . . . section 473 [subdivision] (b) . . . is DENIED. [¶] [Cavic] did not seek relief under . . . [s]ection 391.8. [Cavic] failed to

4

establish grounds for relief under . . . [s]ection 473 [subdivision] (b). The motion was not filed within a reasonable time . . . ." The court noted Cavic's second amended motion to vacate the vexatious litigant order was not considered because it was improperly filed after the opposition was filed and it exceeded the maximum 15 page limit.

Nearly one year later, on July 11, 2014, Cavic filed a motion to set aside the vexatious litigant order pursuant to section 391.8. The court denied the motion in September 2014, stating, "Even considering all of the evidence proffered by [Cavic], the court finds that [Cavic] failed to show a material change in the facts upon which the order was granted or that the ends of justice would be served by vacating the order at issue. Therefore, [Cavic] failed to meet his burden of proof on this motion. (See [§ 391.8], subd. (c).) [¶] The court rejects [Cavic's] challenges to the constitutionality of the vexatious litigant statutes, including [section] 391. [Cavic] fails to mention, or make any effort to discuss, the numerous appellate decisions upholding the constitutionality of California's vexatious litigant statues. (See [citations to cases upholding the statute].)" A review of this ruling is the only matter currently before us.

B. *Two Separate Lawsuits & Four Appeals Against Attorneys & Accountants*

Cavic's litigation against former attorneys and opposing counsel began soon after the court entered a nonsuit judgment in Lawsuit #3. In November 2011 Cavic sued 10 defendants, comprised of both attorneys and accountants (case No. 30-2011-00522908, hereafter Lawsuit #4). Cavic's legal malpractice action against WREC's attorney, Todd A. Green and his law firm (collectively referred to as Green), was dismissed in March 2012. The trial court granted Green's anti-SLAPP motion because the alleged misconduct occurred in a litigation context. In November 2012, this court upheld Green's dismissal in *Cavic III, supra,* G046772.

Meanwhile, in Lawsuit #4, the other defendants notified the trial court that Cavic had been declared a vexatious litigant by a different trial judge in Lawsuit #3. In

5

early March 2013, Cavic's former attorney, Allen Liang, filed a notice of the vexatious litigant ruling and requested that Cavic post $164,912 security.

Lawsuit #4 also contained an accounting malpractice claim against Glenn M. Gelman & Associates and one of its accountants Richard Squar (collectively referred to as Gelman). Gelman also asked the trial court to take judicial notice of the vexatious litigant order filed in Lawsuit #3 and for Cavic to post $136,018 security.

The trial court granted these requests but reduced the amount of security required. In May 2013, the trial court dismissed Liang and Gelman from Lawsuit #4 when Cavic failed to post the required security. After their dismissal, the court granted attorney Jerome D. Stark's motion requesting Cavic post security, and several months later it dismissed the entire case when Cavic failed to post the required security.

We considered Cavic's appeal of the ruling dismissing Gelman. In November 2014 we affirmed the order in *Cavic IV, supra,* G048510. Cavic currently has pending an appeal that challenges several orders entered in Lawsuit #4, including dismissal of the remaining defendants (*Cavic et al. v. Stalter et al.* G052681).

In May 2013, around the same time the trial court in Lawsuit #4 ordered Cavic to post security, Cavic filed another lawsuit naming over 35 defendants (case No. 30-2013-00654125, hereafter Lawsuit #5). He named many of the same defendants dismissed from Lawsuit #4, such as Stark, Liang, and Gelman. He also included WREC as a defendant. The parties notified the trial court of the 2013 vexatious litigant ruling, and demanded Cavic post security. The court ordered Cavic to post security, and when he failed to do so, the trial court dismissed the entire action.

On September 18, 2015, Cavic filed two notices of appeal. One appeal he voluntarily dismissed recognizing it was untimely. (*Cavic et al. v. Wildish et al.* G052556.) The second appeal has been briefed and is pending in this court. (*Cavic et al. v. The Molloy Law Firm et al.* G050312).

6

II

"'The vexatious litigant statutes (§§ 391–[391.8]) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants. [Citation.]'" (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1345 (*Marriage of Rifkin*.) "Section 391.8, enacted in 2011, allows a vexatious litigant subject to a prefiling order to apply to vacate the prefiling order and remove his or her name from the Judicial Council's list of vexatious litigants. (§ 391.8, subd. (a).) The court may grant the application 'upon a showing of a material change in the facts upon which the order was granted and that the ends of justice would be served by vacating the order.' (§ 391.8, subd. (c).)" (*Marriage of Rifkin, supra,* 234 Cal.App.4th at p. 1346.)

Although Cavic's appeal is from the denial of his 391.8 motion to vacate the prefiling order, his briefing on appeal challenges only the validity of the prefiling order itself. Moreover, the appeal arises from an order made in Lawsuit #3, but Cavic argues at length about the merits of his legal malpractice causes of action (found in Lawsuits #4 and #5). As we will explain, in making these arguments, Cavic has not met his burden of proving the trial court erred in refusing to vacate the vexatious litigant order.

Much of the briefing on appeal is devoted to discussing the merits of Cavic's legal malpractice claims (the subject of Lawsuits #4 and #5). Specifically, Cavic maintains the trial court's order was improper for the following reasons: (1) the trial court did not "correctly analyze the facts of the expert witness declaration evidence to see that there was a colorable case for legal malpractice against several of [Cavic's] attorneys"; and (2) Cavic "had a reasonable probability of prevailing on his underlying legal malpractice case because of his attorney's egregious and prejudicial errors in the underlying case, and the prefiling order was improvidently granted."

7

Additionally, in his opening brief, Cavic discusses at length "the proper standards [for] granting a pre-filing order" pursuant to section 391.7. (Capitalization in original omitted.) However, he does not discuss or apply these legal principles to the court's ruling. Rather, he describes why relief was available under section 473 and the merits of his legal malpractice claims, asserting he would have prevailed in the litigation.

Cavic also speculates the trial judge presiding in Lawsuit #4 would not have granted the vexatious litigant motion but the parties engaged in "'judge shopping'" and brought the matter before the judge presiding in Lawsuit #3. Cavic fails to recognize WREC brought the motion in Lawsuit #3 after Cavic attempted to set aside the judgments in Lawsuits #1 and #3. In February 2013, WREC was not named as a defendant in the malpractice action (Lawsuit #4) and could not have brought the motion in that proceeding. Moreover, "judge shopping" is not a valid reason to reverse a trial court's refusal to vacate the vexatious litigant order. Cavic does not appreciate our review is limited to the merits of the trial court's ruling on his 391.8 motion in Lawsuit #3.

Indeed, none of the reasons offered by Cavic are appropriate grounds to vacate a vexatious litigant order made under section 391.8. To vacate the prefiling order after the time to appeal has passed, Cavic was required to show a material change of fact or that the ends of justice would be served by vacating the order, as required by section 391.8, subdivision (c). We found no sign of a material change of fact. (See *Luckett v. Panos* (2008) 161 Cal.App.4th 77, 93 (*Luckett*) [discussing "some of the *factors*" demonstrating material change of fact and facts must relate to whether vexatious litigant has "'mended his ways'"].) Cavic devotes his briefing on appeal to restating the existing facts and demanding a do-over. There was no showing of "genuine *remorse*" or evidence Cavic has given up his relentless quest for WREC's downfall. (*Ibid.*) To the contrary, Cavic's briefing ignored all but the evidence favorable to his theory. He paints an incomplete and self-serving picture of what transpired in his multiple lawsuits and

8

motions. He omits relevant facts, provides incorrect record citations, and fails to discuss the evidence submitted that would support the vexatious litigant designation.

In addition, as aptly pointed out in WREC's motion to strike portions of the appellant's appendix, Cavic included hundreds of pages of materials that were not before the trial court when it ruled on the 391.8 motion. We noticed Cavic also omitted all relevant documents submitted by WREC in opposition to his motion, containing information the trial court certainly relied on in making its ruling, and forcing WREC to incur the expense of preparing its own appendix. The biased briefing and one-sided record plainly demonstrate Cavic has not mended his ways. While a material change of fact can be shown if the applicant demonstrates a "propensity for honesty" in the motion, this showing requires "an accurate confrontation with the facts on which the prior vexatious litigant finding was made, as well as intervening facts that might not put the application in a favorable light." (*Luckett, supra,* 161 Cal.App.4th at p. 93, italics omitted.) Cavic made no such effort below or on appeal in this matter.

And finally, we see no evidence suggesting justice would be served by vacating the order. Cavic should not be rewarded for ignoring section 391.8's requirements and misusing the motion as a platform to simply reargue the merits of his long ago dismissed legal actions. It is clearly apparent from the briefing and record on appeal that Cavic remains an actively engaged vexatious litigant, and there appears to be no reason for disturbing the prefiling requirement.

We recognize Cavic challenges the merits of the prefiling order itself, but this approach does not assist Cavic. For example, Cavic recites a large portion of the reporter's transcript from the 2013 hearing regarding the vexatious litigant motion. He lists all the ways WREC and the attorney defrauded him and again asserts he could have prevailed in the litigation. And finally, Cavic declares WREC's motion for a prefiling order was a batch of "shrill hyperbole," "ad hominem attacks," and "misrepresentations" used to divert attention from the evidence supporting the motion. In making these

9

accusations, Cavic weaves together his contract and malpractice claims, portraying the events as indistinguishably being part of one large dispute. In reality, there are five different underlying lawsuits culminating in nine years of litigation and Cavic's pursuit of seven appeals. Cavic is no stranger to the appellate process, and any challenge to the merits of the prefiling order should have been raised in an appeal from that order. "It is well established that an appellate court may not review a decision or order from which an appeal could previously have been taken. [Citation.]" (*Marriage of Rifkin, supra,* 234 Cal.App.4th at p. 1347; § 906.)

III

The order is affirmed. Respondent (WREC) shall recover its costs on appeal. Because this court took judicial notice on its own motion of six superior court records and nine appellate court records (see fn. 2), we find moot and deny WREC's motion for judicial notice of a select few items from these same records. We grant respondent's motion to strike portions of appellant's appendix containing matters not before the trial court.

O'LEARY, P. J.

WE CONCUR:

ARONSON, J.

FYBEL, J.

10