Filed 9/28/20  Stearns v. Chiang CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| RICHARD STEARNS, | D075810 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2016-00025595-CU-BC-CTL) |
| CHARLES CHIANG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Affirmed.

Small Law and William F. Small for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I

INTRODUCTION

Plaintiff Richard Stearns and Defendant Charles Chiang entered into an oral agreement requiring Stearns to refer a financial lender to Chiang in return for a finder's fee.  Stearns referred a suitable lender to Chiang, but Chiang did not pay the promised finder's fee to Stearns.  Stearns filed suit

against Chiang for breach of contract and, after a one-day bench trial, the trial court entered judgment in favor of Stearns.

Chiang appeals the judgment. He asserts Stearns acted at all times relevant to the dispute as an agent of Stearns's company, Thornton & Stearns, Inc. dba Carmel Valley Capital (Carmel Valley Capital). Because Stearns allegedly acted as a mere agent of Carmel Valley Capital, Chiang contends Stearns was not a real party in interest with standing to pursue the breach of contract cause of action against Chiang.

We reject Chiang's contention and affirm the judgment.

II

BACKGROUND

Stearns and co-plaintiff Jason Kishaba filed a single cause of action for breach of contract against Chiang and related corporate entities. They alleged the defendants desired to refinance commercial real estate in or about November 2015. The parties allegedly entered into an oral agreement whereby the plaintiffs would seek out and refer funding sources to the defendants in exchange for a specified percentage of any refinancing loan the defendants obtained as a result of the plaintiffs' efforts. According to the plaintiffs, they referred a funding source to the defendants and the defendants obtained a refinancing loan from the funding source; however, the defendants never paid the plaintiffs the agreed-upon finder's fee.

The case proceeded to a one-day bench trial. After the plaintiffs' case in chief, the defendants moved for judgment of nonsuit under Code of Civil Procedure section 581c,[1] or, in the alternative, for judgment under section 631.8. They argued the plaintiffs were not real parties in interest with standing to sue because "all actions they took were on behalf of their

_____

[1] All further statutory references are to the Code of Civil Procedure.

2

employers ….." Stearns was the sole employee and sole principal of his company, Carmel Valley Capital. Kishaba was an employee of a separate company called Got Mortgage, Inc. The trial court deferred resolution of the defendants' motion.

After trial, the court issued a minute order finding in favor of Stearns as to his claim against Chiang. The minute order states in pertinent part as follows: "The court finds that the evidence preponderates in favor of a finding that Stearns was the procuring cause of the loan ultimately made by [the lender] in the amount of $1.5 million. [Citation.] The court finds that the evidence preponderates in favor of a finding that Charles Chiang individually promised to pay a brokerage commission of at least 2% to Stearns. Mr. Stearns so testified, and the court believed his testimony. Mr. Chiang did not come to court to deny it, and it is unlikely he actually believed Mr. Stearns would do the work he did and use the lender contacts he had developed and deliver a ready, willing, and able lender … all for nothing in terms of recompense."

In its minute order, the court also denied the defendants' motion for judgment of nonsuit or, in the alternative, motion for judgment, as applied to Stearns. The court found Stearns provided credible and unrebutted testimony that he was the sole principal of Carmel Valley Capital and, "[w]hile his decision to sue in his own name may have been improvident in terms of his tax liability or in terms of maintaining corporate formalities," Stearns nonetheless had standing to sue for breach of contract.[2]

---

[2] The court denied recovery to co-plaintiff Kishaba because the court found Kishaba failed "to carry his burden to prove an entitlement to a commission" or to "establish he (as opposed to Got Mortgage, his former employer) was the real party in interest." The court also found that liability attached only to Chiang and not to his corporate entity.

The trial court designated the minute order as its statement of decision under section 632 and entered judgment in favor of Stearns.

## III

## DISCUSSION

Chiang contends we must reverse the judgment because Stearns was not the real party in interest entitled to sue for breach of the oral agreement. Stearns did not file a respondent's brief. We do not treat Stearns's failure to file a respondent's brief as an admission of error; rather, we consider the record and Chiang's arguments to determine whether reversal of the judgment is required. (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1342, fn. 1; Cal. Rules of Court, rule 8.220(a)(2).)

In general, an "action must be prosecuted in the name of the real party in interest …." (§ 367.) The purpose of this rule is "to protect a defendant from harassment by other claimants on the same demand." (*Redevelopment Agency of San Diego v. San Diego Gas & Electric Co.* (2003) 111 Cal.App.4th 912, 921.) " ' "A real party in interest ordinarily is defined as the person possessing the right sued upon by reason of the substantive law," ' " which in this case is contract law. (*Doe v. Lincoln Unified Dist.* (2010) 188 Cal.App.4th 758, 765; *Turner v. Seterus, Inc.* (2018) 27 Cal.App.5th 516, 525 [" 'The real party in interest has " 'an actual and substantial interest in the subject matter of the action,' and stands to be 'benefited or injured' by a judgment in the action." ' "].)

Chiang contends Stearns was not the real party in interest with standing to sue because Stearns allegedly acted as an agent of Carmel Valley Capital. (See *Cohen v. TNP 2008 Participating Notes Program* (2019) 31 Cal.App.5th 840, 856 (*Cohen*) [" 'an agent for a party to a contract not made with or in the name of the agent is not a real party in interest with standing

4

to sue on the contract' "].)  Chiang argues Stearns's alleged agency is apparent from an excerpt in the settled statement, which provides as follows: "[Stearns] testified that he is the only principal of [Carmel Valley Capital]" and "all work he did was on behalf of that entity."  Chiang argues the agency is also evident based on certain trial exhibits that reference Carmel Valley Capital in passing, including an executive loan summary and conditional loan quote allegedly prepared by Stearns and a letter of intent allegedly prepared by the lender.

We are not convinced the judgment must be reversed.  According to the settled statement, Stearns testified he performed his "work" on behalf of Carmel Valley Capital, evidence from which the court might reasonably have found the existence of an agency relationship.  However, Stearns's testimony, the trial exhibits identified by Chiang, and the statement of decision do not indicate that Carmel Valley Capital—as opposed to Stearns—was the party that *entered the oral agreement* with Chiang.  The identity of the contracting parties matters for purposes of determining standing because even an agent may "sue on a contract which has been entered into in his own name …." (*Earl Fruit Co. v. Herman* (1928) 90 Cal.App. 640, 644–645 (*Earl Fruit*).) When the "agent contracts directly with a third person, the law allows the agent, treated as a principal, to sue on the contract in his own name …." (*Id.* at p. 645; 4 Witkin, Cal. Procedure (5th ed. 2020) Pleading, § 141 ["Where the contract is actually made in the agent's name as a promisee, the agent may sue even though he or she has no beneficial interest and is under no liability to the principal."].)  Thus, Stearns would have standing to sue, even as an agent, if he entered the oral agreement in his own name.

As noted, the statement of decision was silent as to the identity of the contracting parties, but concluded that Stearns had standing to sue in his

own name. To the extent Chiang suggests there is a defect or ambiguity in the statement of decision, we are required to draw all inferences in favor of Stearns—i.e., to infer Stearns entered the oral agreement in his own name— because there is no indication in the record that Chiang objected to the statement of decision. (*Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 896 ["If an omission is not brought to the trial court's attention as provided under the statute … the reviewing court will resolve the omission by inferring findings in favor of the prevailing party on that issue."].) Our inference that Stearns entered the oral agreement in his own name is a sufficient basis for us to affirm the judgment. (See *Earl Fruit*, *supra*, 90 Cal.App. at pp. 644–645.)

Even if Stearns entered the oral agreement as an agent of Carmel Valley Capital and in the name of Carmel Valley Capital, Stearns would have standing to sue. In the statement of decision, the trial court found that "Charles Chiang individually promised to pay a brokerage commission of at least 2% to *Stearns*." (Italics added.) It did not find that Chiang promised to pay a brokerage commission to Carmel Valley Capital.[3]

The trial court's finding that Chiang promised to pay a brokerage commission to Stearns establishes that Stearns stood to realize a direct financial gain from the oral agreement. Based on this finding, we conclude the trial court appropriately determined that Stearns had a beneficial interest in the litigation entitling him to sue for breach of contract. (Civ. Code, § 1559 ["A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."]; 4 Witkin, Cal. Procedure (5th ed. 2020) Pleading, § 141 ["If the plaintiff, though an agent acting on behalf of a principal, actually has some beneficial

---

[3]     In his opening brief, Chiang recites the general standard of review applicable to our review of factual determinations, but does not challenge the sufficiency of the evidence supporting any of the trial court's factual findings.

6

interest in the subject matter, he or she is allowed to sue."]; accord, *Cohen, supra,* 31 Cal.App.5th at p. 856 ["An agent acting on behalf of a principal might have standing to sue … if the agent 'has some beneficial interest in the subject matter.' "].)

IV

DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.


McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


O'ROURKE, J.

7