Filed 1/24/23  Sloan v. Cairns CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JAMIE L. SLOAN, Plaintiff and Respondent, v. NIGEL CAIRNS, Defendant and Appellant. | D080143 (Super. Ct. No. 37-2021-00044690-CU-HR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Robert C. Longstreth, Judge.  Affirmed.

Nigel Cairns, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I

INTRODUCTION

Nigel Cairns, proceeding in propria persona, appeals an order granting a request for a civil harassment restraining order (CHRO) filed by Jamie Sloan, who works as a security guard at the apartment building in which

Cairns resides.  Cairns presents no cogent argument warranting reversal of the CHRO.  Therefore, we affirm.

## II

## BACKGROUND

In October 2021, Sloan filed a request for a CHRO against Cairns, a resident in the apartment building in which Sloan works as a security guard. Sloan alleged that Cairns physically threatened him and other security guards on several occasions.  He stated Cairns hurled insults at him and the other security guards, acted aggressively towards them, and challenged him to a fist fight.  Additionally, he stated Cairns approached his pregnant wife at a grocery store and grabbed her by the arm, which left a red mark.

Together with his request for a CHRO, Sloan filed:  (1) a memorandum from Sloan to the apartment building's property management company, which summarized Cairns's abusive behavior; (2) a statement from the apartment building's property manager, in which she said that Cairns "created a hostile work environment" by "harass[ing] and insult[ing]" the building employees and security guards; and (3) a statement from Sloan's wife, in which she said that Cairns approached her at a grocery store, "put his hand on [her] arm," and told her that Sloan and his coworkers were "pieces of shit."

After a hearing, the trial court granted a three-year CHRO against Cairns, prohibiting him from contacting or harassing Sloan or his wife.  It included a 100-yard stay-away order, modified to five feet at the apartment building.  The minute order for the CHRO hearing states the court heard witness testimony during the hearing.  We have not received a reporter's transcript for the hearing.  Cairns appeals the CHRO.

III

DISCUSSION[1]

" 'To prevail on appeal, an appellant must establish both error and prejudice from that error.  [Citation.]  In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.  Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record.  [Citations.]  Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority.' " (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597 (*Champir*); see *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 [" 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' "].)

These principles of appellate practice apply to Cairns, even though he is proceeding with this appeal as a self-represented litigant.  " '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247; see *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574 ["Although [a party] is representing himself in propria persona, he is not exempt from the rules governing appeals."].)  "In other words, when a litigant accepts the risks of proceeding without counsel, he or she is stuck with the outcome, and has no greater opportunity to cast off an

---

[1]     Sloan did not file a respondent's brief.  However, we do not consider his failure to file a respondent's brief as an admission of error.  Rather, we examine the record based on Cairns's arguments to determine whether reversal is required.  (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1342, fn. 1; Cal. Rules of Court, rule 8.220(a)(2).)

unfavorable judgment than he or she would if represented by counsel." (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267.)

In his opening brief, Cairns presents his version of the incidents discussed in Sloan's request for a CHRO. The opening brief portrays Sloan as the aggressor and Cairns as the victim. Additionally, the opening brief includes intermittent ad hominem attacks on Sloan and other security guards who work at the apartment building, describing them as "wretched" and "hostile" people. However, Cairns does not make any cogent argument, supported by citations to the record and legal authorities, articulating why the trial court erred in granting the CHRO, or why the CHRO should otherwise be reversed. Cairns has forfeited his challenge to the CHRO by not making a cogent argument for reversal, supported by record citations and legal authorities. (*Champir, supra*, 66 Cal.App.5th at p. 597.)

Even if we were to construe the opening brief as broadly arguing that there was insufficient evidence to support the CHRO, we would still affirm. As noted, the trial court conducted a hearing, which included witness testimony. However, we have not received any reporter's transcript for the CHRO hearing. "When there is no reporter's transcript and no error is evident from the face of the appellate record, we presume that the unreported trial testimony would demonstrate absence of error." (*Shenefield v. Shenefield* (2022) 75 Cal.App.5th 619, 633, fn. 12; see also *Structural Steel Fabricators, Inc. v. City of Orange* (1995) 40 Cal.App.4th 459, 466 ["There is no reporter's transcript, and the parties did not request a written statement of decision. Under the circumstances, we presume all intendments to support the judgment."].) Applying that presumption here, we must conclude the

4

unreported witness testimony rendered at the hearing would have supplied the evidence necessary to support the trial court's CHRO findings.[2]

IV

DISPOSITION

The civil harassment restraining order is affirmed.

McCONNELL, P. J.

WE CONCUR:

IRION, J.

DATO, J.

[2]    In the trial court, Cairns filed his own request for a CHRO against Sloan, which resulted in the initiation of a separate case, Case No. 37-2021-00044796-CU-PT-CTL.  On appeal, Cairns moved to augment the record with trial court documents he filed in Case No. 37-2021-00044796-CU-PT-CTL—documents in which Cairns again describes his version of the events at issue. We deny the motion to augment, as there is no indication the present case was consolidated with Case No. 37-2021-00044796-CU-PT-CTL, and, in any event, the documents are irrelevant to the disposition of the appeal.