Filed 5/29/26  Miller v. Dolmo CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| SCOTT AARON MILLER,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>BESS-CAROLINA DOLMO,<br>        Defendant and Appellant. | C103331<br><br>(Super. Ct. No. 17FL04019) |

Self-represented appellant Bess-Carolina Dolmo (mother) appeals from the family court's order denying her application to vacate a prefiling order designating her as a vexatious litigant and adopting a child custody recommending counselor's recommendations.  Respondent Scott Aaron Miller (father) did not file a respondent's brief.  We thus decide the appeal on the record, mother's opening brief, and any oral argument by mother.  (Cal. Rules of Court, rule 8.220(a)(2).)[1]

We affirm the denial of the application and dismiss the custody portion of the appeal.

---

[1] We deny mother's requests for judicial notice filed on January 9, 2026, and January 30, 2026, because they are unnecessary to our disposition.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2021, the family court designated mother as a vexatious litigant and entered an order prohibiting mother from filing any new self-represented litigation without leave (the prefiling order). The judge who issued the prefiling order later retired and the matter was reassigned to Department 125 for all purposes.

After a July 2024 bench trial, the family court ordered mother and father to share legal and physical custody of their children, among other things.

In October 2024, mother filed an application for an order to vacate the prefiling order (the application). It is unclear from the record whether the application was made to Department 125 or to the presiding judge's department. But the memorandum of points and authorities accompanying the application states it would be heard by Department 125.

In December 2024, the family court appointed a private child custody recommending counselor (counselor) following father's ex parte application, set an order to show cause hearing regarding custody in February 2025, and scheduled counselor to return for the order to show cause hearing.

At the February 2025 order to show cause hearing, mother objected to the family court's consideration of counselor's report on the ground that it was hearsay and that she had the right to cross-examine counselor. Mother also requested a trial on counselor's report. The family court set a trial in September 2025, limited the trial to new issues arising after the July 2024 trial, and continued the hearing on counselor's report to allow mother the opportunity to cross-examine counselor and lay foundation for her hearsay objection (the February 2025 order).

On March 4, 2025, the family court held a combined hearing for the application and counselor's report. Judge Weng-Gutierrez, who was assigned to Department 125 at the time, presided over the hearing. She rejected mother's contention that the application should be heard by the presiding judge, noting the matter was assigned to Department

125 for all purposes. Judge Weng-Gutierrez also stated she would adopt counselor's report as interim orders pending the September 2025 trial.

On March 10, 2025, Judge Weng-Gutierrez issued an order denying the application (the March 2025 order). She further stated in the March 2025 order that she found, under the totality of the circumstances, "it [was] in the best interests of the children to adopt [counselor's] recommendations . . . as interim orders pending trial on [counselor's] report." She continued to order adoption of counselor's report "as interim child custody and visitation orders . . . with slight revisions as reflected in [an] attached document." The attached document was counselor's report with some portions crossed out. The legal custody portion of the attached counselor's report gave father sole legal custody of the children and stated, "the order for Sole Legal Custody shall be a Final Custody order."

Mother appeals from several orders. We permitted the appeal to proceed as to the March 2025 order only.

## DISCUSSION

### I. The Application

Mother contends the ruling on her application must be reversed because (1) Judge Weng-Gutierrez had no authority to hear or rule on the application, (2) the ruling disregarded substantive and procedural errors in the prefiling order, (3) the delay in setting the application hearing prejudiced her, and (4) the March 2025 order copied analysis from father's moving papers but disregarded facts and legal authorities raised by mother. We disagree.

#### A. Jurisdiction

A vexatious litigant may file an application to vacate a prefiling order and remove his or her name from the Judicial Council's list of vexatious litigants. (Code Civ. Proc., § 391.8, subd. (a).) "The application shall be filed in the court that entered the prefiling order. . . . The application shall be made before the justice or judge who entered the

3

order, if that justice or judge is available. If that justice or judge who entered the order is not available, the application shall be made before the presiding justice or presiding judge, or his or her designee." (Code Civ. Proc., § 391.8, subd. (a).)

"[T]he jurisdiction of a multijudge, multidepartment superior court is vested in the court as a whole and if one department exercises authority in a matter which might properly be heard in another such action, although 'irregula[r],' it does not amount to a defect of jurisdiction." (*Shane v. Superior Court* (1984) 160 Cal.App.3d 1237, 1249.) " '[F]amily court' refers to the activities of one or more superior court judicial officers who handle litigation arising under the Family Code. It is not a separate court with special jurisdiction, but is instead the superior court performing one of its general duties." (*In re Chantal S.* (1996) 13 Cal.4th 196, 201.)

Here, the jurisdiction over the application is vested with the superior court because it entered the prefiling order. Even if we assume without deciding that Judge Weng-Gutierrez was not the presiding judge's designee, her hearing and ruling on the motion does not amount to a defect of jurisdiction.

### B. The Propriety of the Prefiling Order

Mother also contends the ruling disregarded various alleged substantive and procedural errors in the prefiling order. But the prefiling order is separately appealable under Code of Civil Procedure section 904.1, subdivision (a)(6) because it is an order granting an injunction. (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1347; *Luckett v. Panos* (2008) 161 Cal.App.4th 77, 90.) "It is well established that an appellate court may not review a decision or order from which an appeal could previously have been taken." (*Rifkin & Carty*, at p. 1347; accord, *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239 ["if an order is appealable, an aggrieved party must file a timely notice of appeal from the order to obtain appellate review"].) By failing to appeal the prefiling order, mother lost her opportunity to challenge it. (*Rifkin & Carty*, at p. 1347.)

4

### C. Other Contentions

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) This burden remains the same even when the respondent fails to file a brief. (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 655.)

"In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287.) We "may disregard factual contentions that are not supported by citations to the record" and "legal arguments that are not supported by citations to legal authority." (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

Here, we reject the following conclusory arguments of mother unsupported by citation to either the record or legal authority: (1) the hearing on the application was unduly delayed and that such delay prejudiced her; (2) the March 2025 order incorrectly stated she made a series of filings because some of them were in fact made by her former counsel; and (3) the family court erroneously declined to file mother's responsive pleadings.

We further reject mother's contention that the family court erred in repeating portions of father's arguments and disregarding her evidence in the March 10, 2025 order. The family court "need not address all the legal and factual issued raised by the parties" as it is "required only to set out ultimate findings rather than evidentiary ones." (*Muzquiz v. City of Emeryville* (2000) 79 Cal.App.4th 1106, 1124-1125.) Mother also cites no authority supporting the proposition that a court cannot reiterate a winning party's analysis in its ruling.

## II.  Custody Order

Mother raises various procedural and substantive challenges to the custody portion of the March 2025 order and to the February 2025 order.  We dismiss the appeal from the custody portion of the March 2025 order because that portion is not appealable.  We lack jurisdiction to review the February 2025 order because it is not part of mother's appeal.

In determining whether an order is interlocutory, we look at the substance and effect of the order.  (*Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 963.)  "[W]here anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory."  (*Lyon v. Goss* (1942) 19 Cal.2d 659, 670.)  An interim custody order is interlocutory by definition and therefore not appealable.  (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559.)

Here, the trial on counselor's report was set for September 2025.  The family court explicitly stated both at the March 4, 2025 hearing and in the March 2025 order that it adopted counselor's report as interim orders pending trial.  It is true that the counselor's report attached to the March 2025 order stated the legal custody order was final.  But this statement does not change the fact that a final determination of custody required future judicial action—the trial on counselor's report.  As such, the custody portion of the March 2025 order was an interlocutory custody order and not appealable.

Mother further contends the March 2025 order improperly limited the scope of the trial, but she cites to the February 2025 order in support.  We have no jurisdiction to review the February 2025 order because it is not part of mother's appeal.  (See *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504 [our jurisdiction is limited in scope to the notice of appeal and the judgment appealed from].)  And the March 2025 order makes no mention of the scope of the upcoming trial.  For the same reason, we lack jurisdiction to review mother's challenge to the timeliness of counselor's report, to the appointment of counselor, and to alleged procedural defects in a subsequent hearing.

Mother also contends we must overrule the March 2025 order because the family court engaged in "judicial intimidation" by asking the bailiff to "escort her out" after she raised objections to evaluator's report. We reject this contention because it is not supported by any citation to legal authority. (*Tanguilig v. Valdez, supra*, 36 Cal.App.5th at p. 520.)

## DISPOSITION

The family court's denial of the application is affirmed. The appeal from the custody portion of the March 2025 order is dismissed. No costs are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)

/s/
MESIWALA, J.

We concur:

/s/
EARL, P. J.

/s/
MAURO, J.