932 F.2d 971
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patricia WHITLEY, Plaintiff-Appellant,
v.
UNITED STATES AIR FORCE, a Department of the United States
of America, Defendant-Appellee.
 No. 90-2498.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 20, 1991.*
Decided May 15, 1991.
 
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Patricia Whitley filed an action pursuant to the Federal Torts Claim Act (FTCA) seeking damages for an injury sustained in a fall at Scott Air Force Base. The caption of the complaint identified the defendant as "United States Air Force, a Department of the United States of America." The complaint was filed on August 14, 1989, two days before the end of the six-month limitations period for such claims. The district court, on February 28, 1990, notified Whitley that the defendant either had not been served or, if served, had not appeared, and that the case would be dismissed for want of prosecution unless Whitley served defendant or proceeded to a default judgment. On August 21, 1989, the United States Air Force was served, and, on March 19, 1990, the United States of America was served by notice to the office of the United States Attorney.
 
 
 2
 Defendants United States Air Force and United States of America filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on April 20, 1990.[1] The basis of this motion was that the named defendant in the FTCA action was the United States Air Force and that a suit against an agency of the United States, such as the United States Air Force, is not proper under the FTCA. Only the United States of America is a proper defendant in an FTCA claim. After a hearing, the district court granted the motion to dismiss.[2]
 
 
 3
 On appeal, plaintiff-appellant Whitley concedes that a suit against the United States Air Force solely in its own name would properly be dismissed. Moreover, Whitley also agrees that an amendment to substitute or add the United States as a defendant would not be possible in this case because the United States was not served within the six-month limitations period for FTCA cases and therefore the amended complaint could not relate back to the date of the original filing. See Fed.R.Civ.P. 15(c); Schiavone v. Fortune, 477 U.S. 21 (1986). Whitley instead argues that the original complaint, when read as a whole, named the United States as a defendant as well as the United States Air Force. We cannot accept this contention. We recognize that, in determining whether a party is named properly in a complaint, courts are not bound necessarily by the caption. See Yeseta v. Baima, 837 F.2d 380, 382-83 (9th Cir.1988); Bernstein Seawell & Kove v. Bosarge, 813 F.2d 726, 730 (5th Cir.1987); Greenwood v. Ross, 778 F.2d 448, 451-52 (8th Cir.1985); Jones v. Louisiana, 764 F.2d 1183 (5th Cir.1985); Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1085 (9th Cir.1983); see also 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d Sec. 1321, at 726-30 (1990) ("[t]he caption usually ... is not determinative as to the parties to the action.... If the body of the complaint correctly identifies the party or if the proper person actually has been served with process, courts generally will allow an amendment under Rule 15 to correct technical defects in the caption.") (footnotes omitted). Although not directly addressing the issue, this court has also looked beyond the caption to determine the defendants in a case. See Ordower v. Feldman, 826 F.2d 1569, 1570 (7th Cir.1987); Kolar v. County of Sangamon, 756 F.2d 564 (7th Cir.1985).
 
 
 4
 Here, the caption simply names the "United States Air Force, a Department of the United States of America." Paragraph 9 of the complaint states that "a claim was filed with the Department of the Air Force of the Defendant, United States of America, on behalf of the Plaintiff and the claim was denied ... and this suit duly commenced within six months...." This language is insufficient to identify the United States of America as a defendant in this case. The reference to "Defendant, United States of America" is made in the context of a discussion of the prior administrative action arising from the fall, and therefore is somewhat ambiguous. In addition, no other aspects of the complaint support the characterization of the United States of America as a defendant. This case is thus different from other cases in which the factual allegations in the complaint, together with references in the body of the complaint, clearly identified defendants not named in the caption. See, e.g., Yeseta v. Baima, 837 F.2d 380 (9th Cir.1988) (repeated references within the complaint to the Plan and factual allegations in the complaint were sufficient to identify the Plan as a defendant); Bernstein Seawell & Kove v. Bosarge, 813 F.2d 726, 730 (5th Cir.1987) (request for relief and attachment to complaint listed all petitioners and satisfied Rule 10(a)).
 
 
 5
 Finally, we note that, even if the United States of America were named as a defendant in the complaint, plaintiff would encounter an additional obstacle in Federal Rule of Civil Procedure 4(j) because the United States of America was not timely served. Rule 4(j) requires service of the summons and the complaint upon the defendant within 120 days after the filing of the complaint. If a plaintiff fails to provide service within that time period, the action "shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion," absent a showing by plaintiff of good cause why service was not made within that period. Because Whitley has not argued any basis for good cause, Rule 4(j) provides another basis for affirming the dismissal.
 
 
 6
 Accordingly, the decision of the district court is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The district court characterized the motion as brought by both the United States Air Force and the United States of America, but the record does not reveal the basis for that characterization. We need not concern ourselves with this discrepancy because it is not relevant to our disposition
 
 
 [2]
 Plaintiff-appellant did not include the transcript of the oral hearing in the record on appeal, and similarly did not attach any excerpts from that hearing to the brief. Circuit Rule 30(a) requires that appellant include in the appendix any oral statements of reasons delivered by the trial court upon rendering judgment. Compliance is especially crucial where, as here, plaintiff did not file any written response to defendant's motion to dismiss, thus leaving the appellate court to guess at the arguments presented to the district court. Failure to comply with Rule 30(a) may be grounds for summary affirmance. We need not rely on that ground in this case