Filed 9/18/20  Caron v. Cal. State Bd. of Pharmacy CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CRAYA C. CARON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CALIFORNIA STATE BOARD OF PHARMACY,<br><br>    Defendant and Respondent;<br><br>SAN DIEGO SUPERIOR COURT,<br><br>    Respondent. | D076660<br><br><br><br>(Super. Ct. No. 37-2019-00022267-CU-WM-NC) |

APPEAL from an order of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed.

Craya C. Caron, in pro. per., for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Carl W. Sonne, Assistant Attorney General, Gregory J. Salute and Stephen A. Aronis, Deputy Attorneys General, for Defendant and Respondent.

No appearance for Respondent, San Diego Superior Court.

After the California State Board of Pharmacy (Board) revoked Craya Caron's pharmacist license due to her being diagnosed with a delusional disorder, Caron filed a petition for writ of mandate in the trial court challenging the Board's action.  The Board responded by moving for an order declaring Caron a vexatious litigant and requiring her to furnish $15,000 security as a condition of proceeding with her petition.  (Code Civ. Proc., §§ 391, 391.1; further undesignated statutory references are to this code.)  The trial court granted the Board's motion, finding that 13 litigation matters had been adversely determined against Caron in the preceding seven-year period.  Accordingly, the court entered a minute order declaring Caron a vexatious litigant, finding it was not reasonably probable she would prevail on the merits of her claim, and ordering her to furnish $15,000 security.  The trial court also issued a "prefiling order" prohibiting Caron from filing any new litigation without court permission.  According to the Board, Caron did not furnish the required security, and filed this appeal before the trial court could enter judgment against her.

On appeal, Caron asserts a variety of procedural, substantive, and constitutional challenges to the trial court's minute order declaring her a vexatious litigant, finding she was not reasonably likely to prevail on her petition, and requiring her to furnish security.  As we will explain, however, because Caron filed this appeal before the trial court entered judgment against her, the minute order is not appealable—only the prefiling order is.  Accordingly, we consider Caron's challenges only as they relate to the prefiling order and its single underlying finding—that Caron is a vexatious litigant because five litigations were finally adversely determined against her during the seven-year period immediately preceding the Board's motion.  (§ 391, subd. (b)(1).)  We do not consider the finding that it was not

2

reasonably probable she would prevail on the merits, or the requirement that she furnish security, because these issues relate only to the nonappealable minute order.

For reasons we will explain, Caron's procedural, substantive, and constitutional challenges lack merit as applied to the prefiling order.

Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The Board issued Caron a pharmacist license in 1976. In 2017, the Board ordered Caron to submit to a psychological examination, which she did. The psychotherapist who performed the examination "diagnosed [Caron] with a delusional disorder," which the therapist opined "seriously impacts [Caron's] ability to practice pharmacy in a safe manner."

Based on the results of the psychological examination, the Board's executive officer commenced a proceeding before the Board seeking to suspend or revoke Caron's license. A state administrative law judge (ALJ) conducted a two-day hearing in October and November 2018 (in Riverside and Orange Counties, respectively). In December 2018, the ALJ issued a proposed decision revoking Caron's license. The Board adopted the ALJ's proposed decision, and later denied Caron's petition for reconsideration. The Board's decision became effective March 17, 2019.

About six weeks later, Caron filed in propria persona a petition for writ of administrative mandamus in the San Diego County Superior Court seeking to compel the Board to vacate its decision.

The Board responded to Caron's petition by moving to (1) declare her a vexatious litigant, (2) require her to furnish $15,000 security as a condition of proceeding with her petition, and (3) dismiss the petition if Caron failed to furnish the required security. The Board did not seek a prefiling order

3

prohibiting Caron from filing any new litigation without first obtaining leave of court. The Board's notice of motion specified a hearing date of July 26, 2019.

The Board argued in its motion that Caron was a vexatious litigant because she had "filed five or more lawsuits that have been finally determined adversely against [her] within the last seven years." (§ 391, subd. (b)(1) [defining a vexatious litigant to include a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations . . . that have been . . . finally determined adversely to the person"].) The Board requested that the trial court take judicial notice of the final orders or opinions in the following 21 legal matters commenced by Caron in propria persona:

> "1. September 5, 2013, California Court of Appeal, Fourth Appellate District—Petition for writ of mandate from Case No. 30-2012-00544810 DENIED, <u>Caron</u> v. <u>Orange County Superior Court: Select Portfolio Inc., Real Party in Interest</u>, Case No. G048679;
>
> "2. December 9, 2013, California Court of Appeal, Fourth Appellate District—Appeal from Case No. 30-2012-00544810 DISMISSED, <u>Caron</u> v. <u>Select Portfolio Servicing, Inc.</u>, Case No. G048754;
>
> "3. January 16, 2014, Orange County Superior Court—case DISMISSED based on plaintiff's request for voluntary dismissal, <u>Caron</u> v. <u>CVS Pharmacy, Beach Garfield LLC</u>, Case No. 30-2013-00658577 (voluntary dismissals count— see *Tokerud v. Capitol Bank Sacramento* (1995) 38 Cal.App.4th 775, 779);
>
> "4. November 12, 2014, Ninth Circuit Court of Appeals— petition for writ of mandamus DENIED, <u>Caron</u> v. <u>United States District Court, Central District, CVS Pharmacy, Real Party in Interest</u>, Case No. 14-72765;

4

"5.  April 10, 2015, California Court of Appeal, Fourth Appellate District—Petition for writ of mandate/prohibition from Case No. 30-2012-00544810 DENIED, Caron v. Orange County Superior Court; TD Service Company, Real Party in Interest, Case No. G051714;

"6.  May 12, 2015, Ninth Circuit Court of Appeals, appeal DENIED, Caron v. CVS Pharmacy, Inc., and CVS Rx Services, Inc., Case No. 15-55632;

"7.  May 29, 2015, Orange County Superior Court, Judgment of Dismissal in favor of Defendant TD Service Company, without leave to amend, Caron v. Select Portfolio Servicing, Inc., et al., Case No. 30-2012-00544810;

"8.  June 26, 2015, Orange County Superior Court, Judgment of Dismissal in favor of Defendant PNC Bank, without leave to amend, Caron v. PNC Bank., Case No. 30-2015-00775577;

"9.  May 10, 2016, California Court of Appeal, Fourth Appellate District—Appeal from Case No. 30-2015-00775577 DISMISSED, Caron v. PNC Bank, Case No. G053268;

"10.  May 31, 2016, California Court of Appeal, Fourth Appellate District—Motion to vacate the dismissal and reinstate the appeal DENIED, Caron v. PNC Bank, Case No. G053268;

"11.  July 15, 2016, California Court of Appeal, Fourth Appellate District—Appeal from Case No. 30-2012-00544810 DISMISSED, Caron v. TD Service Company, Case No. G053257;

"12.  August 8, 2016, California Court of Appeal, Fourth Appellate District—petition for writ of mandate DENIED, Caron v. Superior Court, Lonnie Tiner, Real Party in Interest, Case No. E066516;

"13.  April 3, 2017, California Court of Appeal, Fourth Appellate District—Order Dismissing Appeal, Caron v. Fletcher Jones Motor Cars Inc., Case No. G054648;

5

"14.  May 10, 2017, [ ] San Bernardino Superior Court—Notice of Entry of Judgment in favor of Defendants, Caron v. Lonnie W. Tiner, DDS, et. al., Case No. CIVDS1518292;

"15.  June 1, 2017, [ ] California Court of Appeal, Fourth Appellate District—Order Dismissing Petition for writ of mandate, Caron v. Fletcher Jones Motor Cars Inc., Case No. G055017;

"16.  June 9, 2017, United States District Court, Central District of California—Dismissal granted in favor of defendant Fletcher Jones as to all federal law claims, with prejudice, and as to all state-law claims, without prejudice to Caron advancing those in state court, Caron v. Fletcher Jones Motor Cars, Inc., et. al., Case No. 8:17-cv-565 JLS JDE;

"17.  June 22, 2017, California Court of Appeal, Fourth Appellate District—petition for writ of mandate DENIED, Caron v. Superior Court, Lonnie Tiner, Real Party in Interest, Case No. E068367;

"18.  September 18, 2017, Orange County Superior Court, Judgments of Dismissal in favor of defendants Fletcher Jones, and Mercedes-Benz USA, LLC, with prejudice and without leave to amend, Caron v. Fletcher Jones Motor Cars Inc., Case No. 30-2016-00840325;

"19.  March 23, 2018, Ninth Circuit Court of Appeals, Appeal from Case No. 8:17-cv-565 JLS JDE—Memorandum affirming dismissal on behalf of Fletcher Jones, Caron v. Fletcher Jones Motor Cars. Inc., et. al., Case No. 17-55963;

"20.  June 18, 2018 docket entry indicating the case was deemed closed on June 7, 2018, United States District Court, Central District of California—Order[s] denying IFP status[,] . . . dismissing proposed class-action lawsuit, and dismissing a lawsuit without prejudice, Caron v. Virginia H[e]rold, Case No. EDVC 18-1194-R (KK);

"21.  October 15, 2018, California Court of Appeal, Fourth Appellate District, both appeals from Case No. CIVDS1518292, and consolidated—Judgment for

6

defendants affirmed, <u>Caron</u> v. <u>Christopher K. Tiner, et. al.</u>, Case No. E066128[;] <u>Caron</u> v. <u>Estate of Lonnie W. Tiner, et. al.</u>, Case No. E086673." (Bolding omitted.)

Caron opposed the Board's motion on several grounds. Most relevant here, she argued the record showed she had "filed only three litigations since 2012, NOT '21' " (underlining omitted), because multiple entries on the Board's request for judicial notice arose within a single lawsuit,[1] or were not " 'current litigation' " because they were "filed and adjudicated many years prior to 2012."[2]

The Board argued in reply that all 21 matters identified on the request for judicial notice qualified Caron as a vexatious litigant because each was a separate "litigation" that was determined adversely to her during the relevant seven-year window.

On July 25, 2019, the day before the noticed hearing on the Board's motion, the trial court issued a one-sentence tentative ruling stating: "The parties are ordered to show cause as to why this case should not be transferred to the Riverside Superior Court."

On July 26, the Board appeared at the hearing and filed a response to the trial court's venue inquiry. The Board argued venue was proper in San Diego because the underlying Board action originated there, the ALJ who heard the case was from the San Diego branch of the Office of Administrative Hearings, and the Board's counsel worked in the San Diego branch of the

[1]    For example, Caron asserted that entries 13, 15, 16, 18, and 19 all arose from "<u>Caron</u> v. <u>Fletcher Jones Motor Cars</u> (2013) -- A certified pre-owned motor vehicle odometer rollback case, barred by statute of limitations."

[2]    In this category, Caron asserted that entries 1, 2, 5, 7, 8, 9, 10, and 11 "[a]ll [arose] from the same single case and common nucle[us] of operative facts (from 2010 and prior)."

7

Attorney General's office. The Board submitted emails exchanged between its counsel and Caron indicating Caron selected San Diego as the venue.

The July 26 hearing was not reported. The trial court's minute order indicates the Board appeared through counsel, and "Caron, self-represented Petitioner, is not present." After hearing argument from the Board's counsel, the court stated in the minute order that it was "satisfied [that] the case should not be transferred."

As to the merits, the court granted the Board's motion. As stated in the minute order, the court found the requirement of five adverse determinations in the preceding seven years was satisfied because "[m]ultiple separate appeals or writs arising out of multiple orders or judgments within the same case qualify as separate litigations" for vexatious-litigant purposes. Although the court found the threshold satisfied, the court concluded the Board had established that only 13 of the 21 litigations qualified because eight of them appeared to be summary denials of writ petitions, which do not necessarily constitute final adverse determinations.[3]

As to the qualifying matters, the minute order states:

> "The following litigations, at a minimum, constitute litigations that have been finally determined adversely to Petitioner:
>
> "1. Caron v. Select Portfolio Servicing, Inc. et al., Fourth District Court of Appeal, Division 3 case no. G048754. Appeal dismissed as of December 9, 2013 for failure to pay

---

[3] As the trial court explained, "The Court cannot determine, based on the request for judicial notice, as to whether the petitions denied in items 1, 4, 5, 6, 12, 15 and 17 were summarily denied on pretrial issues. Item 10 is a companion ruling in the same appeal." The trial court's listing of these matters is relevant to one of Caron's procedural challenges, which we discuss in part III of our Discussion, *post*.

8

statutory filing fee and deposit costs for preparation of record, remittitur issued February 10, 2014.

"2.  Caron v. CVS Pharmacy, Beach Garfield LLC, Orange County Superior Court case no. 30-2013-00658577-CL-JR-CJC.  Request for voluntary dismissal of complaint granted as of January 16, 2014.

"3.  Caron v. Select Portfolio Servicing, Inc. et al., Orange County Superior Court case no. 30-2012-00544810. Defendant's demurrer to complaint sustained without leave to amend and judgment of dismissal in favor of TD Service Company entered on May 29, 2015.

"4.  Caron v. PNC Bank, Orange County Superior Court case no. 30-2015-00775577-CU-OR-CJC.  Defendant's demurrer to complaint sustained without leave to amend and judgment of dismissal in favor of PNC Bank National Association entered on June 26, 2015.

"5.  Caron v. PNC Bank National Association, Fourth District Court of Appeal, Division 3 case no. G053268. Appeal dismissed as of May 10, 2016 as untimely, remittitur issued July 12, 2016.

"6.  Caron v. TD Service Company, Fourth District Court of Appeal, Division 3 case no. G053257.  Appeal dismissed as of July 15, 2016 for failure to file brief, remittitur issued September 21, 2016.

"7.  Caron v. Fletcher Jones Motors Cars Inc. et al., Fourth District Court of Appeal, Division 3 case No. G054648. Appeal dismissed as of April 3, 2017 due to nonappealable order.

"8.  Caron v. Tiner et al., San Bernardino Superior Court case No. CIVDS1518292. Defendants' motion for summary judgment granted and judgment in favor of Defendants entered on April 21, 2017.

"9.  Caron v. Fletcher Jones Motor Cars, Inc. et al., United States District Court, Central District case No. 8:17-cv-565-

9

JLS-JDEx. Federal law claims dismissed with prejudice in favor of Defendant Fletcher Jones on June 9, 2017.

"10. Caron v. Fletcher Jones Motor Cars, Inc., Orange County Superior Court case No. 30-2016-00840325. Defendant's demurrer to complaint sustained without leave to amend and judgment of dismissal in favor of Defendant Fletcher Jones Motor Cars, Inc. entered on September 18, 2017.

"11. Caron v. Fletcher Jones Motor Cars, Inc. et al., Ninth Circuit Court of Appeals case No. 8:17-cv-00565-JLS-JDE. Appeal denied March 23, 2018.

"12. Caron v. H[e]rold, United States District Court, Central District case No. EDVC 18-1194-R (KK). Complaint dismissed on June 7, 2018.

"13. Caron v. Tiner et al., Fourth District Court of Appeal, Division 2 case Nos. E066128 and E086673. Appeals denied on October 15, 2018."

The trial court also found the Board had "met its initial burden of establishing that there is not a reasonable probability that [Caron] will prevail in this writ proceeding."

Accordingly, the court in its July 26 minute order declared Caron a vexatious litigant and ordered her to furnish $15,000 security by August 15, 2019.

The same day it entered its minute order, the trial court—apparently on its own motion—also entered a "prefiling order" prohibiting Caron "from filing any new litigation" in propria persona "in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed." The court directed the clerk to provide a copy of the prefiling order to the Judicial Council.

The Board sent Caron a notice of ruling attaching both the minute order and the prefiling order.

10

On August 1, Caron filed a response to the trial court's July 25 inquiry regarding venue.[4] Caron stated that although she had elected to file her petition in San Diego County, she had no objection to the case being transferred to Riverside County.

On August 20, the Board's counsel sent a letter to the trial court requesting that the court dismiss the action because Caron had failed to furnish the required security by the August 15 deadline. Before the court could act on the Board's request, Caron filed a notice of appeal identifying and attaching the minute order, but also attaching (though not identifying) the prefiling order. The trial court thereafter responded to the Board that the court was "unable to act as requested" because the "case is on [a]ppeal."

## DISCUSSION

### I. *The Vexatious Litigant Statutes*

"The vexatious litigant statutes (§§ 391-[391.8]) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 (*Shalant*).) Generally speaking, a vexatious litigant is "a person who has, while acting in propria persona, initiated or prosecuted numerous meritless litigations, relitigated or attempted to relitigate matters previously determined against him or her, repeatedly pursued unmeritorious or frivolous tactics in litigation, or who has previously been declared a vexatious litigant in a related action." (*Id.* at pp. 1169-1170.)

---

[4] Caron explained in her response that she thought the California Rules of Court and San Diego Superior Court Local Rules gave her five days to respond. We discuss this further in part III of our Discussion, *post*.

"[O]ur vexatious litigant statutes provide courts and nonvexatious litigants with two distinct and complementary sets of remedies." (*Shalant*, *supra*, 51 Cal.4th at p. 1171; see *In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1345 (*Rifkin*); *Golin v. Allenby* (2010) 190 Cal.App.4th 616, 633-635 (*Golin*).) "First, in pending litigation, 'the defendant may move for an order requiring the plaintiff to furnish security on the ground the plaintiff is a vexatious litigant and has no reasonable probability of prevailing against the moving defendant.' (*Shalant*, [at p. 1170]; § 391.1.)  If the court finds in the defendant's favor on these points, it orders the plaintiff to furnish security in an amount fixed by the court.  (§ 391.3, subd. (a).)  Failure to provide the security is grounds for dismissal.  (§ 391.4.)" (*Rifkin*, at p. 1345; see *Shalant*, at p. 1171; *Golin*, at p. 634.)

The second and additional remedy is a prospective "prefiling order" under section 391.7, which states:  "In addition to any other relief . . . , the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (§ 391.7, subd. (a); see *Shalant*, *supra*, 51 Cal.4th at p. 1170 [§ 391.7 " ' "operates beyond the pending case" ' " and does "not displace" other remedies]; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 222 (*Bravo*) ["By its very nature, section 391.7's prefiling order affects a vexatious litigant's future filings . . . ."].)  A prefiling order under section 391.7 requires only a showing of vexatiousness—it "does not require the court to find there is no reasonable probability the plaintiff will prevail in the litigation." (*Rifkin*, at p. 1348.)

" ' "A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." [Citation.]' " (*Rifkin*, *supra*, 234 Cal.App.4th at p. 1346.)

## II. *Scope of Appeal*

"An order determining a party to be a vexatious litigant and requiring the posting of security under section 391.3 is not directly appealable. But if the plaintiff subsequently fails to furnish security, an appeal lies from the subsequent order or judgment of dismissal that follows . . . ." (*Golin*, *supra*, 190 Cal.App.4th at p. 635.) A prefiling order, on the other hand, is immediately appealable because it "is injunctive in nature." (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 619 (*Deal*); see *Rifkin*, *supra*, 234 Cal.App.4th at p. 1347; § 904.1, subd. (a)(6) ["An appeal, other than in a limited civil case, may be taken from . . . [¶] . . . [¶] . . . an order granting or dissolving an injunction . . . ."].)

Caron purports to appeal the trial court's minute order, which (1) designated her a vexatious litigant, (2) required her to furnish $15,000 security, and (3) determined she did not have a reasonable probability of prevailing on her petition. However, the minute order is not appealable because Caron filed her notice of appeal before the trial court had dismissed the action or entered judgment against her. (See *Golin*, *supra*, 190 Cal.App.4th at p. 635.) But the prefiling order, as an injunction, is appealable. (*Rifkin*, *supra*, 234 Cal.App.4th at p. 1348.) Thus, the only issue

13

properly before us is whether the trial court properly issued the prefiling order.[5] (*Ibid.*)

For reasons we will now explain, Caron's procedural, substantive, and constitutional challenges to the prefiling order lack merit.

### III. *Caron's Procedural Challenges Lack Merit*

Caron's primary procedural challenge is that the trial court improperly issued the prefiling order on an ex parte basis because she was not present for the July 26 hearing. She acknowledges she received notice of the hearing, but maintains she was justified in skipping it because the trial court's tentative ruling ordered the parties to address venue. We disagree.

"An ex parte proceeding is a proceeding that does not afford the opposing party notice and an opportunity to be heard on the requested relief." (*K.G. v. Meredith* (2012) 204 Cal.App.4th 164, 181, fn. 15.) A properly noticed hearing does not become an improper ex parte hearing simply because a party chooses not to attend. (See *In re Bank of San Marino* (1985) 167 Cal.App.3d 247, 257 [petitioner that "chose not to appear or to request a continuance . . . cannot claim it was denied a hearing," italics, bolding, and capitalization omitted]; *Bernstein Seawell & Kove v. Bosarge* (5th Cir. 1987)

---

[5] In light of these principles, we granted the Board's motion to limit the appeal to the prefiling order, but allowed the parties to "present further argument in their briefs regarding the extent to which the . . . minute order is reviewable on appeal from the prefiling order." Caron cited only one case in her opening brief (she did not file a reply brief) addressing appealability, but the case has nothing to do with the distinction between appealable prefiling orders and nonappealable orders regarding security and the probability of prevailing on the merits. (See *Krikorian Premiere Theaters, LLC v. Westminster Central, LLC* (2011) 193 Cal.App.4th 1075, 1083-1085 [order on motion to tax costs appealable as a *postjudgment* order or under the collateral order doctrine].) Accordingly, we do not disturb our order limiting the scope of issues in the appeal.

14

813 F.2d 726, 729 ["While '[a]ll parties . . . are entitled to notice and an opportunity to be heard,' [citation], due process is not violated if the hearing proceeds in the absence of one of the parties when that party's absence is the result of his decision not to attend."].)

Because Caron acknowledges she received notice of the July 26 hearing and chose not to attend, the hearing was not an improper ex parte hearing. Her proffered reasons for concluding she "had good cause for not being present" do not persuade us otherwise.

First, the fact that the trial court's tentative ruling contained an order to show cause regarding venue did not excuse Caron from attending the hearing. A tentative ruling is just that—*tentative.* (*Magno v. The College Network, Inc.* (2016) 1 Cal.App.5th 277, 285, fn. 2.) It serves to focus discussion at the hearing, and is not binding on the court. (*Ibid.*) In addition, a "tentative ruling may note any issues on which the court wishes the parties to provide further argument." (Cal. Rules of Court, rule 3.1308(a)(2).) Thus, the tentative ruling merely conveyed to the parties that the trial court intended for them to address venue at the next day's hearing.

The inclusion of the phrase "order to show cause" in the tentative ruling did not, as Caron contends, "mandate that [the] parties have 5-days respon[se] time" under the California Rules of Court or the San Diego Superior Court Local Rules. Although rule 3.110 of the California Rules of Court provides for a five-day response time, it applies only to orders to show cause arising from untimely responsive pleadings and related default proceedings, which are not at issue here.[6] And San Diego Superior Court

---

6    Rule 3.110 of the California Rules of Court states:

"**Rule 3.110.  Time for service of complaint, cross-complaint, and response**  [¶]  (a) **Application**  This rule

15

Local Rule 2.1.19 says nothing about a five-day response time—it addresses only generally the court's calendaring and tentative-ruling policies.[7]

applies to the service of pleadings . . . .  [¶] . . . [¶]  (f) **Failure to serve**  If a party fails to serve and file pleadings as required under this rule, . . . *the court may issue an order to show cause* why sanctions shall not be imposed.  [¶] . . . [¶]  (g)  **Request for entry of default**  If a responsive pleading is not served within the time limits specified in this rule . . . [,]  [*t*]*he court may issue an order to show cause* why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.  [¶] . . . [¶]  (h)  **Default judgment** When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time. *The court may issue an order to show cause* why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.  [¶] . . . [¶]  (i)  **Order to show cause** *Responsive papers to an order to show cause* <u>*issued under*</u> <u>*this rule*</u> *must be filed and served at least 5 calendar days before the hearing.*"  (Italics and underlining added.)

[7]     San Diego Superior Court Local Rule 2.1.19 states:

"**Law and Motion Procedures**

"**A.  Calendaring Hearing**  [¶]  Any party, or attorney for a party, who desires to have any demurrer, motion, or order to show cause set for hearing must contact the calendar clerk for the judge assigned to the case to reserve a hearing date.  Failure to reserve a date for hearing will result in the demurrer, motion, or order to show cause hearing not being heard.  The demurrer, motion or order to show cause should be ready to be filed when the reservation is obtained.  Failure to file a Motion for Summary Judgment and/or Summary Adjudication after reserving a date with

16

Second, we are unpersuaded by Caron's assertion that her decision not to attend was justified the fact she would have to "drive 300 miles round-trip to appear at a hearing that in all likelihood was not going to take place." The tentative ruling gave no indication the hearing "was not going to take place," and Caron does not explain convincingly how the venue *she chose* was too inconvenient.

Because Caron had notice of the July 26 hearing yet chose not to attend it, the hearing was not an improper ex parte proceeding.

In a separate procedural challenge, Caron suggests it was improper for the Board to file a vexatious litigant motion as its initial response in the

the calendar clerk, or failing to call the independent calendar clerk to take the hearing off calendar no later than two days after the last date to serve moving papers pursuant to Code of Civil Procedure, section 437c, shall be deemed to be a waste of judicial resources and a violation of local rules. The court may set an OSC re Imposition of Monetary Sanctions under Code of Civil Procedure section 177.5."

"**B. Tentative Ruling Policy** [¶] Prior to the hearing, any civil department may issue a tentative ruling in a law and motion matter, in the sole discretion of the assigned judge. The tentative ruling will be issued in conformance with the tentative ruling procedures set forth in California Rules of Court, rule 3.1308(a)(2). No notice of intent to appear is required to appear for oral argument regardless of when the tentative ruling is issued. The tentative ruling may be obtained through the court's website at http://www.sdcourt.ca.gov and clicking on the tentative ruling link listed under the civil tab, or by telephoning the independent calendar clerk for the assigned department. This rule does not preclude posting a tentative ruling the day of the hearing pursuant to California Rules of Court, rule 3.1308(b), nor does it mandate a tentative ruling be issued on all law and motion matters."

17

litigation. But the vexatious litigant statutes clearly contemplate such a response. (§ 391.1 [motion may be filed "at any time until final judgment is entered"]; § 391.6 ["the moving defendant need not plead, until 10 days after the motion shall have been denied, or if granted, until 10 days after the required security has been furnished"].) Thus, there was nothing improper about the timing of the Board's motion.

Caron also contends the litigations on which the trial court based its vexatiousness finding "did not correspond" to those on which the Board based its motion. She elaborates that although the court stated in its minute order that it did not base its finding on "items 1, 4, 5, 6, [10], 12, 15 and 17," the minute order's list of litigations on which the court based its finding includes items "1, 4, 5, 6, and 12." This contention is factually inaccurate and thus has no merit. The first list refers to the item-numbering assigned in the Board's request for judicial notice; the second list refers to the item-numbering the court assigned to the subset of those litigations on which the court based its vexatiousness finding. The second list simply renumbered the litigations to account for the fact the court had excluded from its vexatiousness determination eight of the Board-identified litigations. (See fn. 3, *ante*.)[8]

Caron also asserts, without citing any authority, that the trial court erred by issuing the prefiling order and sending it immediately to the Judicial Council without "any prior notice being provided to Caron." As for

---

[8] It took only a few minutes for this court to determine that item 1 in the minute order corresponds to item 2 on the Board's request for judicial notice; 2 corresponds to 3; 3 corresponds to 7; 4 corresponds to 8; 5 corresponds to 9; 6 corresponds to 11; 7 corresponds to 13; 8 corresponds to 14; 9 corresponds to 16; 10 corresponds to 18; 11 corresponds to 19; 12 corresponds to 20; and 13 corresponds to 21.

issuance of the order, our court has previously explained that "[t]here is no difference in determining the litigant's [vexatious] status in the . . . situation . . . pertaining to security . . . and in the . . . situation . . . pertaining to a prefiling order . . . ." (*Bravo, supra*, 99 Cal.App.4th at pp. 225.) Thus, because the trial court afforded Caron a noticed hearing before ordering her to furnish security, she has not met her burden of showing she was prejudiced by not being afforded a second hearing before the court issued the prefiling order. (See *ibid.* ["Where a plaintiff has already been declared vexatious and previously received the benefit of a noticed motion and oral hearing [for purposes of requiring security], a defendant moving [for a prefiling order] need not again establish the plaintiff's [vexatious] status."].) That is, Caron has not explained why—when the trial court applied the same vexatiousness standard—the court would have found her vexatious for purposes of the security requirement, but not for purposes of the prefiling order.

As for transmission of the prefiling order to the Judicial Council, section 391.7, subdivision (f) expressly provides that "[t]he clerk of the court shall provide the Judicial Council a copy of any prefiling orders . . . ."

In sum, Caron has not met her burden of showing that any procedural errors warrant reversal of the prefiling order.

## IV. *Caron's Substantive Challenges Lack Merit*

Of the available statutory definitions of a vexatious litigant, the trial court found Caron fit the definition set forth in section 391, subdivision (b)(1): " 'Vexatious litigant' means a person who . . . [¶] . . . [i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person . . . ." Caron

19

contends the trial court erred in finding she fit this definition because, for example, some of the prior litigations on which the court based its ruling were too old, too few, or not determined adversely to her. These contentions fail for several reasons.

Preliminarily, Caron's contentions fail because she did not support them with a matter-by-matter explanation of how the trial court erred. Because " 'we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment' " (*Deal, supra,* 45 Cal.App.5th at p. 621), an appellant's blanket assertion of error is insufficient to meet his or her burden on appeal (*id.* at p. 622).

Even were we to consider the merits of Caron's generalized contentions, they would fail under the relevant legal standards. With respect to her claim that the litigations were too old, the retrospective seven-year window is calculated based on the filing date of the motion. (*Stolz v. Bank of America* (1993) 15 Cal.App.4th 217, 224 (*Stolz*); *Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406, fn. 4 (*Garcia*).) The Board filed its motion on May 30, 2019. Thus, the relevant seven-year window reaches back to May 30, 2012.

A litigation falls within the seven-year window so long as it was *maintained* during that period; it need not have been *commenced* in that window. (*Stolz, supra,* 15 Cal.App.4th at p. 224; *Garcia, supra,* 231 Cal.App.4th at p. 406, fn. 4.) The *oldest* of the 13 determinations on which the trial court based its vexatiousness finding was adjudicated in December 2013—well within the seven-year window. Accordingly, the remaining, more recent determinations likewise fall within the relevant timeframe.

With respect to Caron's claim there were too few litigations, " 'litigation' " is "broadly defined," and "[o]f course," includes appeals. (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1170 (*Fink*); see *Garcia, supra,* 231

Cal.App.4th at p. 406; § 391, subd. (a) [" 'Litigation' means any civil action or proceeding, commenced, maintained or pending in any state or federal court."].) Moreover, where a plaintiff challenges multiple orders from the same case by filing separate appeals, each appeal that is finally determined adversely to the plaintiff may qualify as a separate litigation. (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1005-1006 (*Falcone*).)

Here, the trial court based its vexatiousness finding on determinations reached in seven distinct trial court matters,[9] and six distinct appellate court matters.[10] Provided at least five of these determinations were final and adverse to Caron, the trial court properly declared Caron a vexatious litigant.[11] (See *Falcone*, *supra*, 203 Cal.App.4th at pp. 1005-1006.)

"A litigation is finally determined adversely to a plaintiff if he [or she] does not win the action or proceeding he [or she] began . . . ." (*Garcia*, *supra*,

---

[9] The distinct trial court case numbers (with corresponding minute order item numbers) are: Orange County Superior Court case numbers 30-2012-00544810 (#2), 30-2015-00775577-CU-OR-CJC (#3), 30-2013-00658577-CL-JR-CJC (#4), and 30-2016-00840325 (#8); San Bernardino Superior Court case number CIVDS1518292 (#9); and Central District of California case numbers 8:17-cv-565-JLS-JDEx (#10) and EDVC 18-1194-R (KK) (#12).

[10] The distinct appellate court case numbers (with corresponding minute order item numbers) are: Fourth District Court of Appeal, Division 3, case numbers G048754 (#1), G053268 (#5), G053257 (#6), and G054648 (#7); Ninth Circuit Court of Appeals case number 17-55963 (#11); and Fourth District Court of Appeal, Division 2 consolidated case numbers E066128/E086673 (#13).

[11] It is, thus, of no moment, that the 13 determinations on which the court based its finding arose in matters involving only seven distinct defendants—Select Portfolio Servicing, Inc.; CVS Pharmacy, Beach Garfield, LLC; PNC Bank; TD Service Co.; Fletcher Jones Motor Cars Inc.; Lonnie Tiner; and Virginia H[e]rold. And, in any event, seven defendant-based determinations would still exceed the required threshold of five litigations.

231 Cal.App.4th at p. 406.) Final adverse determinations in the trial court have included dismissals resulting from demurrers or motions to strike; summary judgments; and voluntary dismissals by the plaintiff. (*In re Whitaker* (1992) 6 Cal.App.4th 54, 56; *Garcia*, at p. 406.) Final adverse determinations in appellate courts have included affirmances on the merits; and dismissals of appeals that are untimely, taken from a nonappealable order, or that suffer from other procedural defects. (*Falcone, supra*, 203 Cal.App.4th at pp. 1005-1006; *Whitaker*, at p. 56.)

All 13 of the litigations cited in the minute order were prima facie determined adversely to Caron in one way or another (e.g., demurrer sustained, summary judgment granted, case or appeal dismissed, etc.). Yet, Caron does not argue the merits of any specific determination. At most, she asserts that some of the proceedings "were either commenced and dismissed for specific legitimate purposes," like "commencing discovery," while other meritorious actions were dismissed because she was unable to afford an expert witness, for procedural irregularities, or because of an "out-of-court settlement." Caron has not met her burden as the appellant to "present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*); see *Falcone, supra*, 203 Cal.App.4th at p. 1004 [" 'appellate court can treat as *waived* or *meritless* any issue that, although raised in the briefs, is *not supported by pertinent or cognizable legal argument or proper citation of authority*' "].) Accordingly, Caron has not shown that fewer than five of the litigations were finally determined adversely to her.

Because the record contains substantial evidence showing that well in excess of five litigations were finally adversely determined against Caron in the seven-year period immediately preceding the Board's motion, the trial

court did not err in declaring Caron a vexatious litigant or issuing the prefiling order.

Caron makes several additional challenges that do not relate to the legal criteria for determining vexatiousness. For example, she maintains she "never had any previous knowledge, warning or notice . . . that she was in any way exceeding or coming close to exceeding the *illusive and subjective* vexatious litigant determination score-board . . . ." But there is nothing "illusive" or "subjective" about the legal criteria set forth in section 391, and Caron is "charged with knowledge of the law." (*In re Marriage of Thompson* (1996) 41 Cal.App.4th 1049, 1057.) Nor is anyone more aware than Caron of her own litigation track record.

Caron also raises a semantic complaint that "we need a separate statute under a non-vexatious title-name" because "[v]exatious litigants are suppose[d] to be *bad, hateful, selfish, unethical, immoral people*," yet the vexatiousness determination under section 391 is based on an objective "win-loss *pleading record*." Renaming statutes, however, is the role of the Legislature, not the courts.

Finally, Caron contends the trial court erred in declaring her a vexatious litigant because she was previously involved in litigation with the State Bar of California, whose "Chief Trial Counsel never mentioned, considered or suggested that Caron [was] a vexatious litigant." But Caron has not met her burden of supporting this contention with citations to evidence in the appellate record or pertinent legal authority. (See *S.C.*, *supra*, 138 Cal.App.4th at p. 408; *Falcone*, *supra*, 203 Cal.App.4th at p. 1004.)

In sum, the trial court did not err in issuing the prefiling order based on the finding Caron is a vexatious litigant.

## V. *Caron's Constitutional Challenges Lack Merit*

Caron asserts the vexatious litigant statutes are unconstitutional because they constitute unlawful bills of attainder, violate due process, and deny equal access to the courts. The state and federal courts have repeatedly rejected such constitutional challenges. (See *Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 786 [no improper denial of due process/constitutional right to jury trial, or discrimination against "vexatious litigant of 'modest means' "]; *Bravo*, *supra*, 99 Cal.App.4th at p. 222 ["Vexatious litigant statutes are constitutional and do not deprive a litigant of due process of law."]; *Fink*, *supra*, 180 Cal.App.4th at p. 1170 ["The vexatious litigant statutes . . . have been upheld as constitutional."]; *Wolfe v. George* (9th Cir. 2007) 486 F.3d 1120, 1124-1127 [rejecting due process, equal protection, bill of attainder, and other constitutional challenges].)

## DISPOSITION

The prefiling order is affirmed. Caron to pay the Board's costs on appeal.

HALLER, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.